**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GEORGE A. FARBER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-279** |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL.** | **SECTION D (4)** |

## ORDER

Before the Court are Defendant American Security Insurance Company's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6),[1] and Defendants Deutsche Bank National Trust Company's and PHH Mortgage Corporation, as successor to Ocwen Loan Servicing, LLC's Motion for Judgment on the Pleadings.[2] Plaintiff has filed an Opposition to American Security Insurance Company's Motion to Dismiss[3] but has not filed an Opposition to the Motion for Judgment on the Pleadings.[4] For the following reasons, both Motions are GRANTED.

---

[1] R. Doc. 14.
[2] R. Doc. 19.
[3] R. Doc. 23.
[4] The Court notes that it allowed Plaintiff to file an untimely Opposition to American Security's Motion. *See* R. Doc. 23. Plaintiff then belatedly moved to supplement that Opposition, *see* R. Doc. 24, which the Court denied due to untimeliness. *See* R. Doc. 25. A month after a response was due to the Motion for Judgment on the Pleadings, Plaintiff filed a Motion to Reconsider the Court's denial of his Motion to Supplement his Opposition to American Security's Motion, in which he requested that the Court consider his Opposition to American Security's Motion as an Opposition to Deutsche Bank's and PHH's Motion for Judgment on the Pleadings. *See* R. Doc. 26. The Court again denied this Motion. *See* R. Doc. 32. The Court notes, however, that its reasoning in this Order is not premised on Plaintiff's failure to prosecute.

## I.   FACTUAL BACKGROUND

This case arises from a dispute over an insurance payment and subsequent foreclosure.  Farber owned a home at 5 Chateau Petrus Dr. in Kenner, Louisiana.[5] The property was subject to a mortgage in favor of Deutsch Bank National Trust Company ("Deutsche Bank"), which was serviced by Ocwen Loan Servicing, LLC ("Ocwen"), which has since been succeeded by PHH Mortgage Corporation ("PHH").[6] The mortgage required Farber to obtain insurance for the property; if he did not, Ocwen could obtain an insurance policy for the property for its own benefit.[7]   The property was therefore insured by a policy issued by American Security Insurance Company ( "American Security") in favor of Ocwen.[8]

Plaintiff avers that on or about January 1, 2019, the property at issue sustained storm damages in excess of $100,000.[9]   He further alleges that Defendants should have paid for the repairs necessitated by these damages, but did not.[10] Plaintiff also alleges that Deutsche Bank wrongfully foreclosed on the property, and therefore owes him additional damages in excess of $900,000.[11]   The Complaint alleges that Ocwen "has engaged in such practices that are imputable to the co-defendants which are in fraud of [Plaintiff's] rights and which are in violation of the Home Equity Theft Protection Act and Louisiana statutes appertaining thereto."[12]

---

[5] R. Doc. 1-1 at 5 ¶ II.
[6] *Id*. at 5 ¶ III.
[7] *See* R. Doc. 19-3 at 7.
[8] R. Doc. 1-1 at 5 ¶¶ II-III.
[9] R. Doc. 1-1 at 5 ¶ IV.
[10] *Id*. at 5 ¶ IV.
[11] *Id*. at 5-6 ¶ V.
[12] *Id*. at 6 ¶ VI.

Plaintiff filed his Complaint on December 30, 2019 in the 24th Judicial District Court for the Parish of Jefferson.[13]  This matter was removed to this Court on January 28, 2020.[14]  Deutsche Bank and Ocwen filed an Answer to the Complaint,[15] which they later amended.[16]

American Security moves to dismiss Plaintiff's Complaint for failure to state a claim.[17]  It argues that Farber lacks standing to sue for payment under the insurance policy, as he is not insured under the policy nor is he a third-party beneficiary of the policy.  Farber has filed an Opposition[18] in which he argues that he may sue American Security under the policy because of his mortgage contract with Deutsche Bank and Ocwen, as the amount for which the property was insured exceeded the value of the amount due under the mortgage.

Deutsche Bank and PHH also move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[19]  Defendants argue that Plaintiff's breach of mortgage claim fails as they owed him no duty with respect to providing insurance proceeds.  They further argue that Farber has failed to allege sufficient facts to support his claims.  Finally, they argue that Plaintiff's claim under the Home Equity Theft Protection Act fails as that Act is a New York law, rather than a Louisiana Law.  Farber has not filed an Opposition to this Motion.

---

[13] *See* R. Doc. 1-1.
[14] R. Doc. 1.
[15] R. Doc. 13.
[16] R. Doc. 16.
[17] R. Doc. 14.
[18] R. Doc. 23.
[19] R. Doc. 19.

## II.    AMERICAN SECURITY'S MOTION TO DISMISS

### A.    Legal Standard

To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[20]  A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[21] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[22]  In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[23]  However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[24]  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[25]

### B.    Analysis

Defendant American Security moves to dismiss Farber's claim against it on the grounds that Farber cannot sue under the insurance policy because he is not an insured, additional insured, or third-party beneficiary of the insurance policy. American Security is correct that in order to state a claim for breach of an insurance policy, a plaintiff must be either a named insured, an additional named insured, or

---

[20] *Romero v. City of Grapevine, Tex.*, 888 F. 3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[21] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).

[22] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F. 3d 1029, 1032 (5th Cir. 2010) (per curiam).

[23] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

[24] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).

[25] *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).

an intended third-party beneficiary of the policy.[26]    Here, the insurance policy specifically states that the loss payments shall by paid out to the "named insured."[27] The policy also lists the "named insured" as Ocwen Loan Servicing, LLC.[28]  Although Farber's name is listed on the policy, he is listed only as a "Borrower" and not as an insured or additional named insured.[29]

In his Opposition, Farber does not argue that he is insured or a named insured, but instead seems to argue that he is a third-party beneficiary.  Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri*, and is never presumed.[30]  To establish a stipulation *pour autri*, a party must demonstrate that:  "(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee."[31]

Farber does not establish that he is a third-party beneficiary here.  The insurance policy does not make "manifestly clear" that a benefit is owed to Farber by American Security.  Farber argues a stipulation *pour autri* exists because he was billed for premiums of the insurance coverage and the amount for which the property was insured exceeded the amount due under the mortgage.[32]   He cites to *Brown v.*

---

[26] *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp.3d 634, 641 (E.D. La. 2019) (citing *Guthrie Brown v. Am. Modern Home Ins. Co.*, No. 16-16289, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017)).

[27] R. Doc. 1-3 at 15.  The Court considers the insurance policy without converting Defendant's Motion to a motion for summary judgment because the insurance policy was attached to Plaintiff's Complaint. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 784 F.3d 631, 635 (5th Cir. 2014).

[28] R. Doc. 1-3 at 7.

[29] *Id.*

[30] *Joseph v. Hosp. Serv. Dist. No. 2 of Parish St. Mary*, 939 So. 2d 1206, 1212 (La. 2006).

[31] *Id.*

[32] R. Doc. 23.

*American Home Insurance Company*[33] for this proposition. But that case specifically noted that "[a]lthough the borrower typically pays the insurance premium through its mortgage lender, the insurance policy is for the benefit of the mortgagee."[34] Moreover, the court in *Brown* clarified that the fact that individuals are listed as "borrowers" in an insurance policy and paid the insurance premiums does not automatically correspond that the individuals are third-party beneficiaries. The court in *Brown* suggested that a plaintiff could be a third-party beneficiary of an insurance contract like the one at issue here when the plaintiff alleged "that the amount of loss exceeds the mortgage balance."[35] Here, Plaintiff's Complaint estimates the storm damages that he argues triggered a payout from American Security to be in excess of $100,000.[36] In his Opposition, Plaintiff states, without evidence, that the amount due under the mortgage was $535,000.00.[37] Because the amount purportedly due under the mortgage exceeds the amount of loss that Plaintiff has pleaded, no stipulation *pour autri* exists, and Plaintiff is not a third-party beneficiary of the insurance policy. As a result, because Plaintiff is not a named insured, additional named insured, or third-party beneficiary of the policy, his claim for breach of the policy against American Security necessarily fails.

Farber pleads no additional claims against American Security. Farber does allege that "OCWEN LOAN SERVICING, LLC, has engaged in such practices that are

---

[33] No. 16-16289, 2017 WL 2290268 (E.D. La. May 24, 2017).
[34] *Id.* at *4.
[35] *Id.* at *5.
[36] R. Doc. 1-1 at 5 ¶ IV.
[37] R. Doc. 23.

imputable to the co-defendants which are in fraud of Petitioner's rights."[38]   But Farber includes no factual allegations to support such a claim, or to show why any actions of Ocwen would be "imputable" to American Security.  This is therefore only a conclusory allegation that does not raise the right to relief above a speculative level, and does not state a claim.  Accordingly, the Court grants American Security's Motion to Dismiss.

In his Opposition, Plaintiff requests that the Court "alternatively grant leave to amend to more clearly state the facts herein pled."[39]   Generally, leave to amend should be freely granted when justice so requires.[40]   However, "i[t] is within the district court's discretion to deny a motion to amend if it is futile."[41]   Here, Plaintiff does not indicate what additional facts he could or would plead to bring a claim upon which relief would be granted, nor has he moved for leave to amend his Complaint. The Court, therefore, initiates a review of the evidence in the record to determine whether, accepting all evidence in the record as true, Plaintiff could assert facts which state a claim for relief. The Court begins with Plaintiff's Complaint which, as indicated, relies on conclusory allegations devoid of support.  The Court next turns to a review of the insurance policy at issue, and notes that it does not require a payout to Farber, and of the factual circumstances at issue, which suggest that no act of Ocwen is properly imputable to American Security. Accepting the evidence in the

---

[38] R. Doc. 1-1 at 6 ¶ VI.
[39] R. Doc. 23 at 2.
[40] *See* Fed. R. Civ. P. 15(a)(2).
[41] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

record at true, the Court is convinced that any proposed amendment would be futile. Leave to amend is therefore denied.

## III.   DEUTSCHE BANK AND PHH's MOTION FOR JUDGMENT ON THE PLEADINGS

### A.   Legal Standard

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[42]  In considering a motion under Rule 12(c), a court must determine whether a complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief.[43]  Under this standard, the Court must limit itself to the complaint, documents attached to incorporated in the Complaint, and documents of which it may take judicial notice.[44]

### B.   Analysis

Plaintiff's Complaint, read liberally and in Plaintiff's favor, alleges four claims against Deutsche Bank and PHH, as successor to Ocwen:  (1) breach of contract; (2) wrongful foreclosure; (3) fraud; and (4) violation of the Home Equity Theft Protection Act.  The Court examines each claim in turn.

#### 1.   Breach of Contract

Plaintiff alleges that after 5 Chateau Petrus Drive was damaged by a storm in 2019, he demanded that Defendants pay for the damages.[45]  He alleges that "despite demand upon the Defendants, no effort was made by them to pay the loss or repair

---

[42] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[43] *Id.*
[44] *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. 1994).
[45] R. Doc. 1-1 at 5 ¶ IV.

the said damages."[46]   Under Louisiana law, the essential elements of a breach of contract claim are:  "(1) the obligor's undertaking an obligation to perform; (2) the obligor failed to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the oblige."[47]   Here, Plaintiff does not allege a particular term of a contract—or even which contract—gives rise to a contractual obligation of Defendants to pay for the damages.   Moreover, neither the mortgage nor the insurance policy, the only two relevant contracts at issue, give rise to an obligation to pay Farber.   As discussed above, the insurance policy specifically notes that loss payments are to be made to the named insured, *i.e.*, Ocwen, not Farber.[48]   Nor does the Mortgage require payment to Farber.   Rather, it requires *Farber* to maintain insurance, and if he fails to do so, it states that "Lender [here, Ocwen/PHH] may obtain insurance coverage, at Lender's option and Borrower's expense."[49]   It continues "[S]uch coverage shall cover Lender, *but might or might not* protect Borrower, Borrower's equity in the Property, or the contents of the Property."[50]   Because Plaintiff has failed to properly allege that Defendants undertook an obligation to pay for any damage to Plaintiff's property, Plaintiff's breach of contract claim fails.

   2.   **Wrongful Foreclosure**

   Farber alleges that because he was not paid for the storm damage to his property, the property "was foreclosed upon and sold by the seizing creditor, [Deutsche Bank],

---

[46] *Id*.
[47] *Favrot v. Favrot*, 68 So.3d 1099, 1109-1110 (La. App. 4 Cir. 2011).
[48] R. Doc. 1-3 at 15.
[49] R. Doc. 19-3 at 7.   The Court may consider the Mortgage as it is referenced in Plaintiff's Complaint and attached to Defendants' Motion to Dismiss.   *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 784 F.3d 631, 635 (5th Cir. 2014).
[50] *Id* (emphasis added).

through Sheriff's Auction on January 16th, 2019, thereby causing a loss unto your Petitioner in excess of Twenty Thousand, Fifty-five and 53/100 (20, 055.53) dollars."[51] Under Louisiana law, "[s]eizure pursuant to executory process is wrongful if the procedure required by law for an executory proceeding has not been followed."[52] Here, the foreclosure process began with an executory proceeding in 2015, well before the alleged damage to the property from the wind storm.[53]  Plaintiff makes no allegations that the procedures required by law were not followed.  Indeed, the only circumstance he alleges is the puported breach of contract by Defendants—a claim that the Court has already found fails.  Louisiana law is clear that objections to an executory proceeding such as the one at issue here must take place through an injunction proceeding or a suspensive appeal, neither of which is before the Court here.[54]  Farber's wrongful foreclosure claim therefore similarly fails.

### 3.    Fraud

Plaintiff next alleges that "the defendant, OCWEN LOAN SERVICING, LLC, has engaged in such practices that are imputable to the co-defendants which are in fraud of Petitioner's rights in the premises considered."[55]   Under Louisiana law, the elements of intentional or fraudulent misrepresentation are "(1) a misrepresentation

---

[51] R. Doc. 1-1 at 5-6 ¶ V.
[52] *Rao v. Tower Partners, L.L.C.*, 688 So.2d 709, 712 (La. App. 4 Cir. 1997) (citing La. Code Civ. P. art. 2751)).
[53] *See* R. Doc. 19-5 at 1 (Petition for Executory Process).  Under a 12(b)(6) standard, "a court may permissibly refer to matters of public record."  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).
[54] *See* La. Code Civ. P. art 2642;  *see also Mungovan v. CitiMortgage, Inc.*, No. 12-616, 2013 WL 3783982, at *6 n.9 ("A debtor who fails to utilize Louisiana Code of Civil Procedure articles 2642 and 2751-54 to enjoin the sale of the property by executory process, and fails to take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, however, cannot therefore annul the sale of grounds of minor defects of form or procedure.").
[55] R. Doc. 1-1 at 6 ¶ VI.

of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury."[56]  Notably, Federal Rule of Civil Procedure 9 requires that a party alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake."[57]  Here, Farber pleads no facts to establish any of these elements, particularly in light of the heightened pleading requirement.  Rather, his claim that Ocwen engaged in "such practices" is a conclusory claim that fails to raise his right to relief above a speculative level.  This claim therefore similarly fails.

### 4. Home Equity Theft Protection Act

Finally, Farber alleges that Ocwen has "engaged in such practices that are imputable to the co-defendants . . . which are in violation of the Home Equity Theft Protection Act and La. statutes appertaining thereto."[58]  The problem, though, is that the Home Equity Theft Protection Act is a New York state law, not a Louisiana law.[59]  Farber offers no reason for why a New York state property law would apply to his home, which is located in Louisiana, nor does he cite to any *Louisiana* law Defendants have purportedly violated.  Further, he does not clarify what his factual basis for the violation of the Home Equity Theft Protection Act would be beyond "engag[ing] in such practices."[60]  As discussed above, this is a conclusory allegation that fails to raise Farber's right to relief above a speculative level.  The Court therefore dismisses Farber's claim under the Home Equity Theft Protection Act.

---

[56] *Sys. Eng'g & Sec., Inc. v. Sci. & Eng'g Assocs., Inc.*, 962 So.3d 1089, 1092 (La. App. 4 Cir. 2007).
[57] Fed. R. Civ. P. 9(a).
[58] R. Doc. 1-1 at 6 ¶ VI.
[59] N.Y. Real Prop. Law § 265-1 (McKinney).
[60] R. Doc. 1-1 at 6 ¶ VI.

Because the Court finds that Farber has failed to state any claim against Deutsche Bank or PHH, as the successor to Ocwen, it grants Defendants' Motion and dismisses Plaintiff's claims with prejudice.

IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant American Security Insurance Company's Motion to Dismiss is **GRANTED**, and that Defendants' Deutsche Bank National Trust Company's and PHH Mortgage Corporation's Motion for Judgment on the Pleadings is **GRANTED**.   **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 30, 2020.

**WENDY B. VITTER**
**United States District Judge**