UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GEORGE A. FARBER**                           **CIVIL ACTION**

**VERSUS**                                     **NO. 20-279**

**DEUTSCHE BANK NATIONAL TRUST**               **SECTION D (4)**
**COMPANY, ET AL.**

### ORDER

Before the Court is Plaintiff George Farber's Motion for Reconsideration.[1] The Motion is opposed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

### I.   FACTUAL BACKGROUND

This case arises from a dispute over an insurance payment and subsequent foreclosure. Farber owned a home at 5 Chateau Petrus Dr. in Kenner, Louisiana.[3] The property was subject to a mortgage in favor of Deutsch Bank National Trust Company ("Deutsche Bank"), which was serviced by Ocwen Loan Servicing, LLC ("Ocwen"), which has since been succeeded by PHH Mortgage Corporation ("PHH").[4] The mortgage required Farber to obtain insurance for the property; if he did not, Ocwen could obtain an insurance policy for the property for its own benefit.[5] The

---

[1] R. Doc. 37.  Plaintiff also filed a Supplemental Motion, which is essentially identical to his initial Motion for Reconsideration.  *See* R. Doc. 41.
[2] R. Doc.
[3] R. Doc. 1-1 at 5 ¶ II.
[4] *Id*. at 5 ¶ III.
[5] *See* R. Doc. 19-3 at 7.

property was therefore insured by a policy issued by American Security Insurance Company ("American Security") in favor of Ocwen.[6]

Plaintiff avers that on or about January 1, 2019, the property at issue sustained storm damages in excess of $100,000.[7] He further alleges that Defendants should have paid for the repairs necessitated by these damages, but did not.[8] Plaintiff also avers that Deutsche Bank wrongfully foreclosed on the property, and therefore owes him additional damages in excess of $900,000.[9] The Complaint alleges that Ocwen "has engaged in such practices that are imputable to the co-defendants which are in fraud of [Plaintiff's] rights and which are in violation of the Home Equity Theft Protection Act and Louisiana statutes appertaining thereto."[10]

Plaintiff filed his Complaint on December 30, 2019 in the 24th Judicial District Court for the Parish of Jefferson.[11] This matter was removed to this Court on January 28, 2020.[12] Deutsche Bank and Ocwen filed an Answer to the Complaint,[13] which they later amended.[14] American Security filed a Motion to Dismiss.[15] Deutsche Bank and Ocwen filed a Motion for Judgment on the Pleadings.[16]

---

[6] R. Doc. 1-1 at 5 ¶¶ II-III.
[7] R. Doc. 1-1 at 5 ¶ IV.
[8] *Id.* at 5 ¶ IV.
[9] *Id.* at 5-6 ¶ V.
[10] *Id.* at 6 ¶ VI.
[11] *See* R. Doc. 1-1.
[12] R. Doc. 1.
[13] R. Doc. 13.
[14] R. Doc. 16.
[15] R. Doc. 14.
[16] R. Doc. 19.

On September 30, 2020, the Court dismissed Plaintiff's Complaint.[17] The Court found that Plaintiff could not sue American Security because he was not an insured, additional insured, or third-party beneficiary. The Court further found that Plaintiff failed to allege claims for breach of contract, wrongful foreclosure, fraud, or violation of the Home Equity Theft Protection Act against the remaining Defendants.

Plaintiff has filed a Motion for Reconsideration.[18] Plaintiff argues that he can show he was a presumed insured and a stipulated third-party beneficiary. Plaintiff further argues that, if he were allowed to proceed to trial, he would show that his loss amount was $2,000,000. All three Defendants have filed Oppositions to Plaintiff's Motion.[19] All Defendants argue that Farber has failed to demonstrate new evidence or a change in law to merit reconsideration. American Security also argues that in any event Farber is not a third party beneficiary of the American Security policy and therefore cannot sue American Security.

## II.    LEGAL STANDARD

A motion for reconsideration filed within twenty-eight days of the entry of the judgment or order at issue is treated as a motion to alter or amend under Federal Rule of Civil Procedure 59(e).[20] A district court has "considerable discretion" under Rule 59(e).[21] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[22] A moving party must show that its motion

---

[17] R. Doc. 35.
[18] R. Doc. 37.
[19] R. Doc. 39 (Deutsche Bank and Ocwen); R. Doc. 40 (American Security Insurance Company).
[20] *See* Fed. R. Civ. P. 59(e).
[21] *See Edward H. Bohlin Co. v. Banning Co.*, 6 f.3d 350, 355 (5th Cir. 1993).
[22] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

is based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based"; (2) "present[ing] newly discovered or previously unavailable evidence"; (3) "prevent[ing] manifest injustice"; and (4) accommodating "an intervening change in the controlling law."[23] Importantly a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment was issued."[24]

### III. ANALYSIS

As an initial matter, Plaintiff does not seem to seek reconsideration of this Court's order dismissing Farber's claim against Deutsche Bank and Ocwen. Rather Plaintiff seems to seek reconsideration only of the Court's order insomuch as it granted American Security's Motion to Dismiss and dismissed Plaintiff's claims against American Security. Plaintiff argues that he is a third-party insured because his loss amount is $2,000,000, which is greater than the amount owed under the mortgage. This is an argument which could have been made before the Court's order, and it is therefore inappropriate for consideration in a Rule 59(e) motion.[25]

Moreover, even were the Court to consider Farber's argument that he is a third-party insured based on a loss amount of $2,000,000, that argument would fail. In *Brown v. American Modern Home Insurance Company*,[26] a case relied on by Plaintiff, the court analyzed two separate insurance policies: one issued by American

---

[23] *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Mar. 19, 1998).
[24] *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).
[25] *See Matter of Life Partners Holdings, Inc.*, 926 F.3d at 128 (5th Cir. 2019).
[26] No. 16-16289, 2017 WL 2290268 (E.D. La. May 25, 2017).

Modern and one issued by American Security.  The Court found that the plaintiffs could possibility be third-party beneficiaries under the American Modern policy as it had a specific "loss payable" clause which stated that American Modern would pay any benefit due in excess of Ocwen's interest in a property to the plaintiffs.  In light of this clause, the court went on to compare the plaintiffs' insurance claim to their mortgage balance to determine whether they were third-party beneficiaries.[27]  When the Court considered the American Security policy, however, it found that it did not have a "loss payable" clause that mentioned the plaintiffs' insurable interest.  Accordingly, it found that there was no clear intention to provide a benefit to the plaintiffs, and they were therefore not third-party beneficiaries.[28]

The American Security policy at issue here does not include a "loss payable" clause that indicates a clear intention to provide a benefit to Plaintiff.[29]  Rather, the language is *identical* to the language in the American Security policy at issue in *Brown*.  Therefore, as in *Brown*, the policy does not create a stipulation *pour autrui* in Plaintiff's favor, regardless of Plaintiff's purported loss amount.  Other courts have come to similar conclusions.[30]  Accordingly, Plaintiff's Motion for Reconsideration fails on the merits and must be denied.

Finally, Plaintiff requests leave to amend his Complaint in his Motion for Reconsideration.[31]  The Court previously rejected Plaintiff's request for leave to

---

[27] *See Brown*, 2017 WL 2290268, at *5.
[28] *See id.*, 2018 WL 2290268, at *6.
[29] *See* R. Doc. 1-3 at 22 ("Loss Payment").
[30] *See, e.g., Butler v. Am. Security Ins. Co.*, No. 18-871, 2049 WL 1414231, at *2-3 (M.D. La. Apr. 17, 2019).
[31] *See* R. Doc. 37-1 at 2 ("Accordingly, your Plaintiff would, as previously stated he would, respectfully ask leave to amend facts sufficient to sustain his burden in advance of trial.").

amend his Complaint as futile as he did not specify what additional facts he could or would plead.[32] Presumably, Plaintiff now seeks leave to amend his Complaint to state that his loss amount is $2,000,000. But for the reasons discussed above, such an amendment would be futile.[33] The Court therefore denies Plaintiff's request to amend his Complaint.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff George Farber's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, December 30, 2020.

*Wendy B. Vitter* (signature)
**WENDY B. VITTER**
**United States District Judge**

---

[32] R. Doc. 35 at 7.
[33] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is well within the district court's discretion to deny a motion to amend if it is futile.").